IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                 CR No. 19-cr-499 KG
                                                    Civ. No. 20-cv-562 KG-JHR

ANNETTE CHRISTINA CHAVEZ,

    Defendant-Petitioner.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner Annette Christina Chavez's Untitled Motion Regarding Federal Sentence (CR Doc. 42) (Motion). Chavez is incarcerated at a federal correctional institute in Dublin, California (FCI Dublin). She contends the Bureau of Prisons refuses to credit her with time served in presentence confinement. (CR Doc. 42) at 1. The Motion also appears to challenge Chavez's conviction for bank robbery. *Id.* at 2. Chavez contends she never threatened the bank teller. *Id.* She also appears to argue counsel misrepresented the penalties associated with her guilty plea. *Id.* at 2-3.

       The Motion presents a "mixed pleading," raising habeas claims under 28 U.S.C. §§ 2241 and 2255. The claims challenging the validity of Chavez's conviction and the performance by counsel must be analyzed under Section 2255. *See Prost v. Anderson,* 636 F.3d 578, 581 (10th Cir. 2011). Chavez properly filed those claims "in the district that imposed the sentence." *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011) (quotations omitted). Pursuant to *Castro v. U.S.*, 540 U.S. 375 (2003), Chavez may file an amended Section 2255 in this Court within thirty

days of entry of this Order. Chavez is warned that the amended motion will count as her "first" Section 2255 action; subsequent Section 2255 motions will be subject to the restriction on successive habeas claims. *See Yellowbear v. Wyoming Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). If Chavez declines to timely file an amended Section 2255 motion, the Court will dismiss the Section 2255 claims without prejudice.

The claims challenging the BOP's execution of Chavez's sentence - and in particular its refusal to provide credit for presentence confinement - must be analyzed under Section 2241. *See Sandusky v. Goetz*, 944 F.3d 1240, 1247 (10th Cir. 2019) (where petition was "challenging … the execution of his sentence, his proper avenue for relief was § 2241"). Section 2241 "attack[s on] the execution of a sentence … must be filed in the district where the prisoner is confined." *Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011). FCI Dublin is located in Alameda County, in the Northern District of California. *See* 28 U.S.C. § 84 (N.D. Cal. includes Alameda County). Therefore, venue is plainly improper as to Chavez's claims under 28 U.S.C. § 2241. *See* 28 U.S.C. § 1391(b); *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (district courts may "consider … venue sua sponte" when the jurisdictional defects are "obvious from the face of the complaint and no further factual record is required to be developed").

In lieu of dismissal, and in the interest of justice, the Court may transfer a matter to any district where venue is proper. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251

(10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a venue transfer). There is no indication that the claims are time-barred. Further, the allegations regarding Chavez's pretrial confinement credit warrant additional investigation. The Court will therefore transfer the Section 2241 claims to the United States District Court for the Northern District of California.

IT IS ORDERED**:**

1. To the extent Chavez's Untitled Motion Regarding Federal Sentence (CR Doc. 42) challenges BOP's the execution of her sentence, the claims are construed under 28 U.S.C. § 2241. The Clerk shall transfer the Motion, to the extent it raises Section 2241 claims, to the United States District Court for the Northern District of California. The Clerk shall include a copy of the criminal judgment (CR Doc. 39) in the transfer package.

2. To the extent Chavez's Untitled Motion Regarding Federal Sentence (CR Doc. 42) challenges the validity of her criminal conviction and/or performance by counsel, the claims are construed under 28 U.S.C. § 2255. This Court (District of New Mexico) will exercise jurisdiction over the Section 2255 claims.

3. Chavez may file an amended Section 2255 motion in this Court (District of New Mexico) on the proper form within thirty days of entry of this Order.

4. The Clerk's Office shall mail Chavez a form Section 2255 form motion.

_____
UNITED STATES DISTRICT JUDGE