IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANNETTE CHRISTINA CHAVEZ,

    Petitioner,

v.                                                                       Civ. No. 5:20-cv-0562 KG-JHR
                                                                              CR No. 5:19-cr-0499 KG-JHR-1

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DENYING UNITED STATES' MOTION
## FOR EXTENSION OF TIME

THIS MATTER comes before the Court on the United States' Motion for Extension of Time [Doc. 10], filed May 12, 2021. Having thoroughly reviewed the United States' submission and the relevant law, the Court denies the Motion.

### I.    BACKGROUND

On June 9, 2020, Petitioner Annette Christina Chavez filed a Motion to Vacate Under 28 U.S.C. § 2255. [Doc. 1]. On June 23, 2020, Presiding District Judge Kenneth Gonzales found that Chavez' motion presented a mixed pleading. [Doc. 2, p. 1]. To the extent Chavez' Motion challenged her Bureau of Prisons' execution of her sentence, the Court construed them under 28 U.S.C. § 2241 and transferred them to the Northern District of California. [Doc. 2, p. 3]. To the extent Chavez' Motion challenged the validity of her criminal conviction and/or performance by counsel, the Court construed them under 28 U.S.C. § 2255 and allowed amendment of claims. [*Id.*].

On July 13, 2020, Chavez filed an Amended Motion to Vacate Under 28 U.S.C. § 2255. [Doc. 3; *see also* Doc. 4 (duplicate filed July 17, 2020)]. As her first ground for relief, Chavez alleges that she was advised by trial counsel that her offense was non-violent and she would be

1

eligible for a one-year reduction in sentence upon completion of the residential drug abuse program ("RDAP"), only to be told later that she did not qualify. [Doc. 3, p. 4]. As her second ground of relief, Chavez alleges that her trial counsel advised that "line 17" of her pre-sentencing report would not affect her sentence nor inmate classification, but in truth it "affected all levels of [her] sentence and custody level." [Doc. 3, p. 6]. Chavez also challenges the accuracy of "line 17" and states that "[a]t no point did I threaten the bank clerk. I deepened my voice and said 'give me the money now.'" [*Id.*]. Chavez labels a page of additional information "Ground Three", but it merely states the actions that she took to initiate her claim for reduction of sentence. [Doc. 3, p. 9].

On April 13, 2021, the Court issued an order for the United States to file an answer within thirty (30) days. [Doc. 7]. On April 14, 2021, pursuant to 28 U.S.C. § 636(b), Presiding District Judge Gonzales referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 8].

Chavez filed a *pro se* Motion for Compassionate Release /Rls [sic] Pursuant to 19 U.S.C. § 3582(c)(1)(A) of the FSA of 2018 in the companion criminal case on May 3, 2021. [CR Doc.[1] 46]. Chavez' motion presents two arguments for release. [*Id.*, pp. 5-9].[2] First, Chavez argues that because of kidney and bladder infection(s), she is a person vulnerable to serious complications from Covid-19 and at greater risk than the general public because of her incarceration. [*Id.*]. In fact, she alleges that she has already tested positive for Covid-19 and may have "recovered." [*Id.*]. Chavez alleges that she remains at risk of reinfection as well as long-term organ damage after her

---

1 All citations to "CR Doc." refer to documents filed in the companion criminal case: 5:19-cr-0499 KG-JHR-1.
2 The format, last sentence on page 9 and footers in the motion suggest that there is a tenth page, but it does not appear in the record. [*See* CR Doc. 46, p. 9].

2

recovery from the immediate Covid-19 illness. [*Id.*, pp. 6-8]. As her second ground, Chavez recites serious health problems of her elderly parents which weigh in favor of her release to provide care for them. [*Id.*, p. 9].

On May 12, 2021, two days before its answer to the § 2255 motion was due, the United States filed the Motion for Extension of Time currently before the Court. [Doc. 10]. The United States notes that Chavez has a pending motion for compassionate release filed in the criminal case and asserts that "judicial economy" justifies delaying the United States' answer in the habeas proceeding an additional thirty days, or even longer until the compassionate release issue is decided. [Doc. 10, pp. 1-2; *see* Doc. 10, p. 2, n. 2].

II. **ANALYSIS**

While both pending motions are assigned to District Judge Gonzales, Judge Gonzales referred the § 2255 motion to the undersigned for proposed findings and recommended disposition. [*See* Doc. 8]. Therefore, both motions do not now occupy the time and attention of a single judge.

As discussed above, the two motions do not raise the same claims, require the same evidence, nor share the same legal analysis. Given the amount of time that Chavez has been incarcerated, prompt resolution of either of the motions in Chavez' favor could render the other motion moot. The Court is unaware of any reason to conclude that Chavez is substantially more likely to succeed on the motion for compassionate release than on the § 2255 motion.

Courts have inherent authority to, among other things, regulate their docket and promote judiciary efficiency. *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). While a delay in the United States' deadline to answer the § 2255 motion would ease the workload of the assigned government attorney, the United States' motion for extension does not persuasively demonstrate that the delay

would contribute to "judicial economy."

## III. **CONCLUSION**

For the above reasons, the Court finds that the United States' Motion for Extension of Time is not well-taken and should be denied.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE